UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| IGT, a Nevada Corporation, *et al.*, | Case No. 2:22-cv-02134-RFB-EJY |
| Plaintiffs, | |
| v. | **ORDER** |
| JOHN F. ACRES, | |
| Defendant. | |

On March 27, 2023 Defendant filed his Motion for Order to Stay … Discovery Pending Decision on Various Motions.  ECF No. 31.  A Response and Reply were filed thereafter.  ECF Nos. 36, 44.  A proposed discovery plan and scheduling order was also submitted by the parties.  ECF No. 34.

Defendant contends that pending motions (including a motion to consolidate, motion to remand, motion to amend complaint, motion to dismiss counterclaims, motion to strike affirmative defenses, and motion for judgment on the pleadings) are such that discovery would be inefficient if conducted before these motions are decided.  On May 30, 2023, District Judge Robert F. Boulware held a hearing on all pending motions.  The Court reviewed the transcript.

Plaintiffs differentiate this case from the case pending before District Judge Gloria M. Navarro (Case No. 21-cv-01962), which Plaintiffs say involves only patent law.  This earlier filed case is stayed pending reexamination of IGT's patents by the USPTO.  Plaintiffs argue the instant matter was removed by Defendant Acres based on a conclusory argument that the 2021 case and this case share a common nucleus of facts.

The Federal Rules of Civil Procedure do not provide for automatic stays of litigation when potentially dispositive motions are pending.  *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal 1995).  A dispositive motion is not a situation that ordinarily warrants a stay of discovery.  *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation and citation omitted).  The Court has discretion to grant a stay especially if doing so would

serve the interests of judicial economy and efficiency.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").  For example, a trial court may find it efficient for its own docket and the fairest course for the parties to enter a stay of an action pending resolution of independent proceedings that bear upon the case. *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

When reviewing a stay of discovery, the Ninth Circuit instructs the trial court to balance the length of the requested stay against the strength of the justification given for it.  *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).  A party seeking a stay of discovery carries the "heavy burden of making a strong showing why discovery should be denied."  *Turner*, 175 F.R.D. at 556 (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).  The fact that "discovery may involve some inconvenience and expense" also does not normally warrant a stay of discovery. *Id.*

The status of this matter—that is, whether the Court has jurisdiction over the dispute presented—was argued orally and is currently the subject of supplemental briefing.  The Court raised substantial concern over the jurisdictional issue presented.  The preliminary issue of whether the Court may exercise jurisdiction over this dispute is a common basis justifying a stay of discovery. *Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).

The Court finds the numerous pending issues raised in motion practice, not the least of which is a question of jurisdiction, supports a stay of discovery until such time as a determination regarding jurisdiction is made.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Order to Stay … Discovery Pending Decision on Various Motions (ECF No. 31) is GRANTED.

IT IS FURTHER ORDERED that the [Proposed] Stipulated Discovery Plan and Scheduling Order (ECF No. 34) is DENIED without prejudice.

IT IS FURTHER ORDERED that if this matter is **not** remanded, the parties **must** file a status report with the Court no later than **ten (10)** days after the order denying remand is issued.  The status report must identify what, if any, motions remain pending and whether the parties agree to commence discovery.  If there is agreement on discovery, the parties must submit a proposed

discovery plan and scheduling order.  If there is disagreement regarding discovery, the parties are to present their respective positions in the status report.

Dated this 29th day of June, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE